IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donnie Eison, ) | C/A No. 0:13-2113-DCN-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, *Livesay Correctional Institution*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Donnie Eison ("Eison"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 10.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Eison was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 12.) Eison filed a response in opposition to the respondent's motion. (ECF No. 19.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Eison's Petition denied.

**BACKGROUND**

Eison was indicted in March 2008 in Spartanburg County for trafficking in cocaine (08-GS-42-1793), trafficking in cocaine base (08-GS-42-1794), and possession with intent to distribute marijuana (08-GS-42-1795). (App. at 105-08, ECF Nos. 11-1 at 107-110 & ECF No. 11-2.) Eison was represented by Ricky Harris, Esquire, and on February 5, 2009 pled guilty to a lesser charge of trafficking in cocaine, and the charges of trafficking in cocaine base, and possession with intent to distribute marijuana. (App. at 1-16, ECF No. 11-1 at 3-18.) The circuit court sentenced Eison to

twelve years' imprisonment for trafficking in cocaine, twelve years' imprisonment for trafficking in cocaine base, and five years' imprisonment for possession with intent to distribute marijuana, all sentences to be served concurrently.[1]  (App. at 15, ECF No. 11-1 at 17.)  Eison did not file a direct appeal.

Eison filed a *pro se* application for post-conviction relief ("PCR") on October 28, 2009 in which he raised a claim of ineffective assistance of counsel in that counsel failed to properly investigate his case.  (See Eison v. State of South Carolina, 09-CP-42-5910; App. at 17-22, ECF No. 11-1 at 19-24).  The State filed a return.  (App. at 23-27, ECF No. 11-1 at 25-29.)  On June 13, 2011, the PCR court held an evidentiary hearing at which Eison appeared and testified and was represented by Doug Brannon, Esquire.  By order filed November 1, 2011, the PCR judge denied and dismissed with prejudice Eison's PCR application.  (App. at 98-104, ECF No. 11-1 at 100-06.)

On appeal, Eison was represented by Robert M. Pachak, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a Johnson[2] petition for a writ of certiorari on Eison's behalf that presented the following question:

> Whether plea counsel was ineffective in failing to properly investigate petitioner's case to determine if he should go to trial?

(ECF No. 11-5.)  Eison filed a *pro se* response to the Johnson petition in which he alleged that (1) he was coerced by counsel into entering a guilty plea when he did not wish to plea guilty but insisted

---

[1] The circuit court accepted the negotiated sentence agreed to by the parties.

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.



on going to trial, and (2) ineffective assistance of counsel in that counsel failed to properly investigate the initial cause of the traffic stop. (ECF No. 11-8.) On June 4, 2013, the South Carolina Court of Appeals issued an order denying Eison's petition for a writ of certiorari. (ECF No. 11-10.) The remittitur was issued June 21, 2013. (ECF No. 11-11.) This action followed.

## FEDERAL HABEAS ISSUES

Eison's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:** Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
**Supporting facts:** Petitioner's claim of coercion is supported by statements under oath by counsel at the PCR hearing. Counsel stated that "petitioner did not want to plea" and "having forgone the possibility of a plea, it would have taken some miracle at trial for a jury not to have convicted him" so counsel advised petitioner that it was in petitioner's best interest to plead guilty.

**Ground Two:** Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
**Supporting facts:** Petitioner was never found guilty of speeding, which was the initial cause of the traffic stop, resulting in the search illegal and evidence seized inadmissible in court.

**Ground Three:** Denial of effective assistance of counsel.
**Supporting facts:** Denial of effective assistance in that counsel failed to investigate case. There was no videotape of the stop nor was the radar working properly in the patrol car so petitioner couldn't be convicted of speeding. Counsel never received an affidavit stating that the video camera in the patrol car was inoperable so counsel should've filed a motion to suppress the evidence seized. Petitioner should've never been indicted. Had I known this before trial, I would've never plead guilty.

(Pet., ECF No. 1.)

## DISCUSSION

**A.     Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law."



Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 5(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).



B.   **Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 131 S. Ct. 770, 785 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S. Ct. at 786 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law



beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 131 S. Ct. at 786-87). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 131 S. Ct. at 785. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 786. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have

exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.      Summary Judgment Motion**

    **1.      Procedural Bar**

As an initial matter, respondent argues that Ground One is procedurally barred from federal habeas review. In Ground One, Eison alleges that his conviction was "obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea." (ECF No. 1 at 5.) The respondent points out that no involuntary guilty plea claim was raised to or ruled upon by the PCR court, rendering this ground procedurally defaulted. (ECF No. 11 at 13.) Upon review of the record, the court agrees. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's



"federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, this ground would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Eison attempted to raise it now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

Because the court finds that the above-listed habeas ground is procedurally defaulted, or barred from federal habeas review, such a claim may be considered by a federal court only if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999); see also Schlup v. Delo, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt").

Eison's response in opposition (ECF No. 19) to the respondent's motion for summary judgment provides no arguments to meet this standard and fails to demonstrate that, based on any new reliable evidence, it is more likely than not that no reasonable juror would have found him guilty. See Schlup, 513 U.S. at 327-29. The record reflects that Eison's involuntary guilty plea

claim was not presented to or ruled upon by the PCR court.[3]  (App. at 19, ECF No. 11-1 at 21; App. at 98-104, ECF No. 11-1 at 100-06.)  Accordingly, Ground One is procedurally barred from federal habeas review.

### 2.     Ground Two

Eison alleges that his conviction was "obtained by use of evidence gained pursuant to an unconstitutional search and seizure."  (ECF No. 1 at 5.)  The respondent argues that Ground Two does not state a cognizable ground for habeas relief because Eison was provided "a full and fair chance to litigate this claim in state court."[4]  (ECF No. 11 at 21.)  The court agrees.  "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial."  Stone v Powell, 428 U.S. 465, 494-95 (1976); see also Grimsley v. Dodson, 696 F.2d 303, 304 (4th Cir. 1982) ("Stone v. Powell [] marked, for most practical purposes, the end of federal court reconsideration of Fourth Amendment claims

---

[3] The court observes that this issue was presented by Eison in his *pro se* response to the Johnson petition.  (ECF No. 11-8 at 4-5.)  However, as discussed above, the PCR court did not rule on this issue and there is no indication in the record that Eison filed a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law for this allegation.  Therefore, even if this ground had been raised in the PCR action, it would not have been preserved for appellate review under state procedural rules.  See Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue muse be raised to and ruled on by the PCR court to be preserved for appellate review); Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review.").

[4] Respondent further indicates that the PCR court did not address Eison's Ground Two claim. (ECF No. 11 at 13.)  A review of the record reflects that the PCR court did not rule on the issue presented by Eison in Ground Two (App. at 98-104, ECF No. 11-1 at 100-06) and there is no indication in the record that Eison filed a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law for this allegation.  Therefore, it appears that Ground Two is also procedurally defaulted.



by way of habeas corpus petitions where the petitioner has the opportunity to litigate those claims in state court."). Eison's response in opposition to the motion for summary judgment fails to refute the respondent's contention that he had a full and fair opportunity to litigate this issue in state court. (ECF No. 19.) As argued by the respondent, Petitioner had the opportunity to raise this claim prior to his guilty plea or at a trial if he had elected to have one. (ECF No. 11 at 21.) Hence, Petitioner has not shown that he did not have a full and fair opportunity to litigate the issue presented in Ground Two in state court. Accordingly, respondent should be granted summary judgment on this claim.

    **3.    Ground Three**

Having concluded that the above-discussed grounds are procedurally defaulted or are not cognizable habeas claims, the court turns to Ground Three in which Eison alleges that plea counsel was ineffective in failing to investigate his case. (ECF No. 1 at 6.)

    **a.    Controlling Law Regarding Allegations of Ineffective Assistance of Counsel**

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

    To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of



Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pled guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' "[5] Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions

---

[5] The court observes that the United States Supreme Court recently addressed the prejudice prong of the Strickland test where the plea offer has lapsed or been rejected due to counsel's deficient performance. Missouri v. Frye, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 132 S. Ct. 1376 (2012). However, the Court reaffirmed that the Hill analysis continues to apply to cases "where a defendant complains that ineffective assistance led him to accept a plea offer as opposed to proceeding to trial." Frye, 132 S. Ct. at 1409.



were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Supreme Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Supreme Court. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

### b.    PCR Court Testimony and Findings

At the PCR hearing, Eison testified that he recalled stating during his guilty plea that he was completely satisfied with plea counsel's services. (App. at 63, ECF No. 11-1 at 65.) Eison testified that he provided plea counsel with information about the traffic stop which occurred prior to his arrest but had no knowledge of whether plea counsel went to the incident site location. (App. at 64, ECF No. 11-1 at 66.) On cross-examination, Eison testified that he affirmed during his plea that plea counsel had done everything asked of him. (App. at 71-72, ECF No. 11-1 at 73-74.) Eison testified that, after his incarceration, he realized that plea counsel did not investigate the case thoroughly. (App. at 72, ECF No. 11-1 at 74.)

PCR counsel testified that he was retained to represent Eison and that they discussed the traffic stop several times. (App. at 75, ECF No. 11-1 at 77.) PCR counsel testified that Eison explained where the traffic stop took place, and PCR counsel recalled that the incident report did not



appear to properly describe what happened. (Id.) PCR counsel testified that he and Eison discussed how his "version of the stop and search differed from the officer's versions." (App. at 78, ECF No. 11-1 at 80.) Plea counsel had no recollection of visiting the incident location for the purposes of Eison's case and did not ask anyone to photograph the area. (App. at 77, ECF No. 11-1 at 79.) Plea counsel testified that he made specific inquiries regarding whether the traffic stop was videotaped but was informed that there was no videotape of the incident. (App. at 87-88, ECF No. 11-1 at 89-90.) PCR counsel testified that he also attempted to get more information from the officer due to the discrepancy between what Eison and the officer were saying; however, the officer was no longer employed by the police department. (App. at 88, ECF No. 11-1 at 90.)

In rejecting Eison's argument that plea counsel was ineffective for failing to investigate the case, the PCR court found that Eison "failed to meet his burden of proof as to the allegation that had Counsel investigated the case more thoroughly, there was a likely probability that Applicant would have chosen to proceed to trial rather than plead guilty and that the outcome of the case would have been different." (App. at 102, ECF No. 11-1 at 104.) The PCR court indicated that it did not believe that photographs of the intersection where the traffic stop occurred would have changed the outcome of Eison's proceedings had they been provided at the time of his plea. (App. at 101, ECF No. 11-1 at 103.) The PCR court found Eison's testimony not to be credible, while finding plea counsel's testimony to be credible. (App. at 103, ECF No. 11-1 at 105.) The PCR court found plea counsel to be "very experienced in criminal matters and explored all options with Applicant." (App. at 102, ECF No. 11-1 at 104.) The PCR court found that counsel was "prepared to argue a motion to suppress had the case proceeded to trial." (Id.) The PCR court held that plea counsel "adequately conferred with the Applicant, conducted a proper investigation, was thoroughly competent in their representation, and that plea counsel's conduct does not fall below the objective standard of

*PJG*

reasonableness." (App. at 103, ECF No. 11-1 at 105.) The PCR court further held that Eison failed to prove that he was prejudiced by plea counsel's performance. (Id.) Therefore, the PCR court denied and dismissed Eison's PCR application with prejudice. (Id.)

### c.     Conclusion

Upon thorough review of the parties' briefs and the record in this matter, the court finds that Eison cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 131 S. Ct. at 785.

In response to the respondent's motion for summary judgment, Eison generally opposes the motion but provides no allegations to refute the respondent's arguments. (ECF No. 19.) Upon careful review of the transcript, and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Eison has failed to establish that plea counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient. Eison has not shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 131 S. Ct. at 785. Accordingly, the respondent's motion for summary judgment should be granted as to Ground Three.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 10) be granted and Eison's Petition denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 14, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).